**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 28, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

NICO ANTWAIN JONES,

    Defendant - Appellant.

No. 24-1502
(D.C. Nos. 1:24-CV-02288-RM &
1:21-CR-00018-RM-1)
(D. Colo.)

_____

**ORDER**
_____

Before **BACHARACH**, **MORITZ**, and **ROSSMAN**, Circuit Judges.
_____

We must address whether to grant a certificate of appealability to

Mr. Nico Jones so that he can challenge the validity of his plea.

In district court, Mr. Jones pleaded guilty to possessing

- cocaine with intent to distribute and

- a firearm in furtherance of a drug trafficking crime.

*See* 21 U.S.C. § 841(a)(1), (b)(1)(C) (possession of cocaine with intent to

distribute); 18 U.S.C. § 924(c)(1)(A)(i) (possession of a firearm in

furtherance of a drug trafficking crime). The court accepted the plea and

sentenced Mr. Jones to 232 months in prison.

He unsuccessfully appealed the conviction and moved to vacate the

sentence. The district court denied the motion, and Mr. Jones wants to

appeal this ruling. He can proceed with the appeal only if we grant a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B). And we can issue a certificate only upon the presentation of a reasonably debatable appeal point. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

Mr. Jones contests the validity of his guilty plea, arguing that his trial counsel was ineffective. For this argument, he insists that his trial counsel should have denied the use of a gun to promote or advance a crime. But Mr. Jones failed to preserve this argument in district court. *See Xlear, Inc. v. Focus Nutrition, LLC*, 893 F.3d 1227, 1234 (10th Cir. 2018) ("Generally, an issue is waived if it was not raised below in the district court." (cleaned up)).

Even if the argument had been preserved, however, it wouldn't persuade any reasonable jurist. To prevail, Mr. Jones must show that his legal representation was deficient and prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). But Mr. Jones doesn't give specifics on why he regards the legal representation as deficient. For example, Mr. Jones doesn't identify any evidence that he told his counsel that (1) he hadn't possessed a weapon or (2) the weapon hadn't been used to further drug trafficking crime. Nor do we see any such evidence in the record. Given the lack of specifics or supporting evidence, no reasonable jurist could credit Mr. Jones's argument even if it had been preserved.

2

Mr. Jones also argues that he didn't "actively employ" a firearm. But the district court explained why this argument is irrelevant, R. vol. I, at 193–94, and Mr. Jones doesn't say how the district court erred. Given that failure, no reasonable jurist could credit Mr. Jones's argument that he hadn't employed a firearm. *See Nixon v. City & Cnty. of Denver*, 784 F.3d 1364, 1369 (10th Cir. 2015) (affirming a dismissal when the appellant didn't challenge the basis of the dismissal).

Finally, Mr. Jones argues that his plea agreement wasn't voluntary or knowledgeable. But he doesn't point to any facts supporting that conclusion. Mr. Jones acknowledged in district court that he had voluntarily entered into a plea agreement; and the district judge went through the plea agreement, obtaining Mr. Jones's assurance that he understood the terms. R. vol. III, at 116–26. Given this assurance, no reasonable jurist could credit Mr. Jones's argument.

Because his arguments leave no room for disagreement among reasonable jurists, we (1) decline to issue a certificate of appealability and (2) dismiss the appeal.[1]


Entered for the Court


Robert E. Bacharach
Circuit Judge

---

[1]    But we grant Mr. Jones's motion for leave to proceed in forma pauperis.